FILED & JUDGMENT ENTERED
Steven T. Salata

Jun 02 2016

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No.: 15-31795 |
| TEMI HOLDINGS LLC | ) Chapter 11 |
| | ) |
| Debtor | ) |

## ORDER UPON REMAND FOR FURTHER CLARIFICATION

This matter is before the Court after appeal and remand from Chief United States District Court Judge Frank D. Whitney for further clarification of this Court's order transferring the case to the District of South Carolina (Doc. 29).

The remand order instructs this court to elaborate on the reasons supporting the decision to change venue, and the undersigned is, of course, more than happy to do so. However, there have been subsequent developments in the case of which the District Court may not be aware which bear upon this appeal and potentially the District Court's disposition of the same. Without suggesting any course of action, but simply by way of information, the undersigned would note the following:

The debtor, Temi Holdings, LLC (Temi), failed to request, or obtain, a stay pending appeal. The bankruptcy case file has been transferred to the District of South Carolina, and the case is proceeding in that forum. A review of that court's docket

1

reflects that Temi has obtained new counsel; a creditor's meeting has been conducted; and the estate is being administered in that forum. This may bear on whether the appeal has been mooted by subsequent events.

Additionally, we are informed that Temi wishes to abandon its appeal of the venue order. After the remand order was entered, Temi's North Carolina counsel informed this bankruptcy court that Temi no longer wished to prosecute the appeal. Temi's attorney was informed that this expressed desire was a matter properly addressed to the District Court.

With that, this bankruptcy court provides clarification of the reasons motivating its prior decision to change venue in this case:

On November 16, 2015, Temi filed a voluntary petition in the Western District of North Carolina. At first blush, this case appeared to have no connection to the Western District of North Carolina apart from the fact that Temi's then attorney is licensed in North Carolina and based in Charlotte. Temi is a real estate holding company located in South Carolina. Temi's street address is 1609 Constitution Boulevard, Rock Hill, South Carolina. Temi's principal place of business is York County, South Carolina. Temi is a domestic corporation in South Carolina. Temi's principal assets are located in South Carolina.

However, a quick look at a map explains the choice of venue. Downtown Rock Hill is a mere twenty-seven miles south of the Charles R. Jonas Federal Courthouse in Charlotte, North Carolina where this bankruptcy court sits. Indeed, Rock Hill is widely considered part of the greater Charlotte metro area. With the closest South Carolina

2

bankruptcy courthouse nearly seventy miles away, Temi's decision to file bankruptcy in this district was simply a matter of convenience.

While sensible, Temi's venue choice was not one contemplated by the bankruptcy statutes. The Bankruptcy Administrator and creditor First Citizens Bank & Trust Company have objected to the case remaining in this district, moving for its outright dismissal or its transfer to the District of South Carolina. While sympathetic to Temi's sense of thrift, because the objections were timely, and venue was improper, this Court felt compelled to grant the motion. In the earlier ruling, venue of the case was changed to the District of South Carolina.

For a bankruptcy case to have proper venue in a given district, 28 U.S.C. § 1408(1) requires that within 180 days preceding the filing of the case (1) the district is the debtor's domicile; (2) the district is the debtor's residence; (3) the district is the location of the debtor's principal place of business; or (4) the district is the location of the debtor's principal assets. Venue is also proper in a district in which there is a pending bankruptcy concerning such person's affiliate, general partner or partnership. 28 U.S.C. § 1408(2).

The majority of courts view "the venue requirements of 28 U.S.C. § 1408 [as] mandatory, not optional." *Thompson v. Greenwood*, 507 F.3d 416, 424 (6th Cir. 2007). When a case is filed in the wrong venue or division or district, courts "*shall* dismiss" the case or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added).

Improper venue may be waived, often by inaction of the other parties in interest in the case. *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979). However, if venue is improper and if a timely motion is made, most bankruptcy courts hold that dismissal or

3

transfer is required. S*ee In re Perkins*, No. 13-30747, 2013 WL 1934936, at *2 (Bankr. W.D.N.C. May 9, 2013) ("For decades, this judicial district has generally hewed to the majority view: If venue is improper, and if a timely objection is lodged by a party in interest, the bankruptcy case must be dismissed or transferred to a proper judicial district.").[1]

Temi conceded that it failed to satisfy the venue requirements of 28 U.S.C. § 1408 in that South Carolina is its domicile, its residence, its principal place of business, and the location of substantially all its assets and there are no affiliate bankruptcies pending in this district. There is no question but that the Bankruptcy Administrator and First Citizen are parties in interest in the case with standing to object to venue. Their motions were filed shortly after the case was initiated and before substantial administration of the case occurred. Thus, the motions were timely. As such, the case must either be dismissed or transferred to the District of South Carolina.

Even so, at the hearing, Temi argued that due to Charlotte's proximity to the South Carolina border, bankruptcy cases for clients located in Rock Hill, Fort Mill, Lancaster, and other cities in northern South Carolina, as well as clients located in the Middle District of North Carolina would be more conveniently administered in this district rather than the district mandated by 28 U.S.C. § 1408. Admittedly, that may be true. Venue can be a practical problem for members of the local bar. The Charlotte

---

[1] Temi relies on the unpublished decision in *In re Halcom*, No. 97-31660 (Bankr. W.D.N.C. Sept. 25, 1997), wherein Judge Hodges held that although venue was improper, it was within the court's discretion to retain jurisdiction over three consolidated cases subject to an inquiry as to the interest of justice or the convenience of the parties. While the undersigned respectfully disagreed with *Halcom*, as noted in *In re Perkins,* that is of no moment in the current case as the facts are distinguishable. Those cases were "no asset" consumer bankruptcies, which present far fewer of the concerns raised in a corporate filing.

4

Division of the Western District lies immediately adjacent to the Middle District of North Carolina to the north and east and to the District of South Carolina to the south. Debtors domiciled "just over the border" often find that travel to Charlotte takes substantially less time than to our sister bankruptcy courts in Spartanburg, Winston-Salem, or Greensboro.

Debtor's desire for this Court to exercise its equitable powers to retain jurisdiction in the name of convenience is understandable, particularly when one considers that had this very same corporation been incorporated in Delaware, venue would have been proper in that district, which is over five hundred miles from Temi's principal place of business. Perhaps Congress should consider a change to the venue provisions to permit filings in the federal court physically closest to a debtor's residence. But, for now, given that the venue statutes are clear and unambiguous, the presiding Court's sole function is to implement them. *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 461 (2002). There is no room for this Court to resort to equity or sympathy in this matter as these are statutory mandates. *Law v. Siegel*, 134 S. Ct. 1188, 1194 (2014) ("We have long held that 'whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of' the Bankruptcy Code." (citations omitted)). Accordingly, this case had to be transferred to the District of South Carolina.

**SO ORDERED.**

**This Order has been signed electronically.**                                    **United States Bankruptcy Court**
**The judge's signature and the court's seal**
**appear at the top of the Order.**

5